**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**Nasradine Hisseine Hamat,**

**Plaintiff,**

**v.** **Case No. 26-CV-857-SCD**

**GE Vernova, Inc.,**

**Defendant.**

---

**ORDER DISMISSING COMPLAINT**

---

Nasradine Hisseine Hamat, proceeding without the assistance of counsel, filed this action against his former employer, GE Vernova, Inc. *See* Compl., ECF No. 1. Generally, Hamat alleges that GE Vernova wrongfully terminated him based on the incorrect belief that Hamat took time off without approval. *See id.* Hamat alleges that this reason was pretext for national origin discrimination. *See id.* Hamat also submitted a letter explaining a delay in filing the complaint, and exhibits. *See* ECF No. 2. Hamat has requested a waiver of the $402 filing fee. *See* ECF No. 3.

**REQUEST TO PROCEED WITHOUT PREPAYING THE FILING FEE**

Any court of the United States may authorize a litigant to proceed in an action without prepaying fees if two conditions are met: (1) the litigant is unable to pay the costs of commencing the action; and (2) the action is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).

## I. Ability to Pay - § 1915(a)

Hamat is not currently employed, but he reports that his family's monthly total income is $6,000. *See* ECF No. 3. Hamat is married and has four children. *See id.* He reports that his monthly financial obligations include rent ($1,200), credit card payments ($2,375); other household expenses like groceries, clothing, medical costs, cell phone ($5,700); storage for two cars ($138); storage for furniture ($80); and "airfare to locate family" ($5,300). *See id.* Hamat owns two vehicles. *See id.* Hamat indicates that he has $6,100 in cash or a checking/savings account.

Hamat's breakdown of his monthly income and expenses raises some questions. Using the standard form for non-prisoner IFP requests, Hamat reported a total monthly income of $6,000 but did not provide a source for that income. Hamat stated that he is unemployed, he listed no spousal employment, and under "source of income" he listed "out of work," at an amount of $0. It's not clear where Hamat's monthly income of $6,000 is coming from. For expenses, Hamat seemed to incorrectly total his monthly expenses at $1,000 to $1,600, but individual line items exceed that sum. Hamat also listed "airfare to locate family" as a monthly expense but re-locating a family would seem to be a one-time expense—not a monthly expense.

Accordingly, the information provided by Hamat in support of his request is either incomplete or incorrect. Because of these problems with Hamat's motion, Hamat has not shown that he is unable to pay the costs of commencing the action.

## II. Legal Sufficiency - § 1915(e)(2)

The second step of the inquiry requires me to analyze whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Under Rule 8 of the Federal Rules of Civil Procedure, Hamat must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"[D]istrict courts have a special responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim. Not only is the district court to view the pro se complaint with an understanding eye, but, while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds. Indeed, it is the 'well-established duty of the trial court to ensure that the claims of a pro se litigant are given a fair and meaningful consideration.'" *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) (quoting *Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir. 1987)).

**A. Complaint allegations**

Hamat lists a West Bend, Wisconsin address in the case caption, but elsewhere lists a Houston, Texas residence. *See* Compl. at 1, 5. Hamat alleges that he was employed by Massachusetts-based GE Vernova International. *See id.* at 2. Hamat reports that his work site was in Arlington, Oregon. *Id.*

The exhibits to Hamat's complaint provide additional context. In March 2025, Hamat was hired as a hub wind turbine technician by GE Vernova to work at an Oregon location. ECF No. 2-1 at 1. Leaving his family in Wisconsin, Hamat worked in Oregon for four months. *See id.* Hamat requested time off to return to Wisconsin and help move his family to Oregon. *See id.*

Hamat alleges that a site lead, Dan Stein, violated OSHA safety rules by allowing Hamat to work on a turbine without personal protective equipment. Compl. at 2. There were also problems with training. *See* ECF No. 2-1 at 1. Hamat alleges that Stein approved Hamat's time off request. Compl. at 2. On July 29th, 2025, while Hamat travelled back to Wisconsin, an individual from GE Vernova's HR emailed Hamat saying that because Hamat had not come to work, the company might terminate him. *See id.*; ECF No. 2-1 at 2.

Hamat communicated with regional manager Matthew C. *See* Compl. at 2. Matthew C. called and "without any verbal, or written warning he said due to [o]ngoing with [e]ssential training and an approved time off you are separated or terminated no longer with GE Vernova[.]" *Id.* at 3. Hamat alleges that his termination was a conspiracy between Stein, Matthew C., and Bruno K. *Id.*

Hamat alleges that the company's stated reason for his termination was pretext for national origin discrimination. *See id.* Hamat is a U.S. citizen with a national origin of Chad. *See id.* Hamat alleges: "I know we live in uncertain[] time in our life with this political motivation, and after Donald [T]rump list my Original Country Name o[n] the list to bar Nationality from some country to enter the USA I become suspicious[.]" ECF No. 2-1 at 2. Hamat believes that his short period of employment and termination "is a clear sign of discrimination[.]" Compl. at 3.

**B. Analysis**

Hamat's complaint is challenging to understand at times but, liberally construed, could state a claim for national origin discrimination in employment in violation of Title VII of the Civil Rights Act of 1964. However, the complaint does not establish that this court has personal jurisdiction over GE Vernova.

Personal jurisdiction means that certain statutory and constitutional standards must be met before a court can hear a case against an out-of-state defendant. The forum state's law governs personal jurisdiction. Fed. R. Civ. P. 4(k)(1)(A). "A federal court sitting in Wisconsin may exercise jurisdiction only if it comports with Wisconsin's long-arm statute, Wis. Stat. § 801.05, and Fourteenth Amendment due process." *Webber v. Armslist LLC*, 70 F.4th 945, 953 (7th Cir. 2023).

Wisconsin's long-arm statute (Wis. Stat. § 801.05) lists the circumstances when a court in Wisconsin can hear a case against an out-of-state defendant. Wis. Stat. § 801.05(1) gives this court jurisdiction over defendants domiciled or engaged in substantial activity in Wisconsin. Wis. Stat. § 801.05(3) gives this court jurisdiction "[i]n any action claiming injury to a person or property within or without this state arising out of an act or omission within this state by the defendant." Wis. Stat. § 801.05(4)(a) gives this court jurisdiction when a complaint alleges an in-state injury by an out-of-state act or omission "by the defendant, provided in addition at the time of the injury . . . solicitation or service activities were carried on within this state by or on behalf of defendant." Based on Hamat's complaint, all of the

acts and omissions occurred in Oregon, not Wisconsin. Hamat has not alleged any facts related to GE Vernova's activities or omissions in Wisconsin.

In addition to the statutory requirement, there is also a constitutional requirement: the Fourteenth Amendment mandates that an out-of-state defendant have "minimum contacts" with a jurisdiction before he is brought into court there. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). "Personal jurisdiction may be either general or specific." *Id.* General personal jurisdiction means that a defendant's contacts with a forum state are so extensive that the defendant is "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). GE Vernova is headquartered in Massachusetts, and Hamat worked at a GE Vernova location in Oregon. Based on the facts alleged, GE Vernova is not "at home" in Wisconsin for purposes of general personal jurisdiction.

Specific personal jurisdiction over an out-of-state defendant means that "the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Specific personal jurisdiction requires that (1) the defendant purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state; (2) the alleged injury arose out of the defendant's forum-related activities; and (3) personal jurisdiction would comport with traditional notions of fair play and substantial justice. *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). Hamat has not alleged any facts related to GE Vernova's activities in Wisconsin, or GE Vernova purposefully directing activities to Wisconsin. Based on the facts alleged, this court does not have general or specific personal jurisdiction over GE Vernova.

## CONCLUSION

I have determined that § 1915(a) was not satisfied. I will **deny without prejudice** Hamat's motion to proceed in forma pauperis, ECF No. 3. Hamat must either pay the filing fee or submit a corrected motion to proceed in forma pauperis.

Because I do not have personal jurisdiction over GE Vernova, the court **DISMISSES** the complaint, ECF No. 1, without prejudice. Hamat may file an action against GE Vernova in a jurisdiction in which the defendant is subject to personal jurisdiction.

**SO ORDERED** this 8th day of June, 2026.

STEPHEN C. DRIES
United States Magistrate Judge